**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BUC-EE'S, LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>TEDDY'S MARKET, LLC; 149 TM, LLC; 149 PROMINENCE, LLC; 3010 TM, LLC; BALLGROUND TM, LLC; 3843 TM, LLC; 3843 GLENWOOD RE, LLC; KARAN AHUJA; and MICKEY KAPOOR,<br><br>*Defendants*. | CIVIL ACTION NO.<br>1:26-cv-2478-VMC |

**<u>JOINT PRELIMINARY REPORT AND DISCOVERY PLAN</u>**

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

This is a trademark infringement and unfair competition action filed by Plaintiff Buc-ee's, Ltd. ("Buc-ee's") against Defendants Teddy's Market LLC and alleged affiliated entities and individuals. Plaintiff operates a nationally recognized chain of large-format convenience stores and travel centers under the "BUC-EE'S" mark and beaver logo, which are the subject of numerous federal trademark

registrations. Defendants 149 TM LLC and Ball Ground TM LLC each operate a small convenience store in the metropolitan Atlanta, Georgia, area, each of which is operated under the name "Teddy's Market," using a logo featuring a cartoon teddy bear character. The name "Teddy's Market" and the teddy bear character logo are the subject of four pending federal trademark applications.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff Buc-ee's, Ltd. is a Texas limited partnership that has operated convenience stores and travel centers under the "BUC-EE'S" mark and a beaver logo since 1982. Plaintiff owns numerous federal trademark registrations for the BUC-EE'S word mark and beaver logo (collectively, the "Buc-ee's Marks"). Plaintiff currently operates more than 50 locations in 12 states, including three locations in Georgia.

Defendant Karan Ahuja owns and operates Defendant Teddy's Market LLC, which owns, controls, develops, and licenses the "Teddy's Market" brand. Two Teddy's Market convenience store locations are currently operating: one in Canton, Georgia (opened November 2024), operated by Defendant 149 TM LLC on property owned by Defendant 149 Prominence LLC; and one in Ball Ground, Georgia (opened approximately January/February 2025), operated by Defendant Ball Ground

TM LLC on property owned by Defendant 3010 TM LLC. A third location is planned in Decatur, Georgia, to be operated by Defendant 3843 TM LLC, which Mr. Ahuja has testified will use only the "Teddy's Market" name, but not the teddy bear logo.

Plaintiff contends that Defendants' brand identity—consisting of the "Teddy's Market" name paired with a cartoon anthropomorphic teddy bear mascot logo, in-store renderings, and a carved bear statue—is confusingly similar to the Buc-ee's Marks, and that Defendants intentionally copied the Buc-ee's Marks to trade on Plaintiff's fame and goodwill.

Defendants contend that their Teddy's Market stores are commercially and visually distinct from Buc-ee's travel centers, that no consumer confusion exists, is likely, or is reasonably possible, that the use of cartoon animal mascots in connection with convenience stores is common in the industry, that Plaintiff has not properly alleged and cannot prove that the conduct attributable to each of the named defendants is actionable, and that Plaintiff's trademark registrations are invalid and unenforceable, having been procured by fraud on the USPTO, and should be cancelled pursuant to 15 U.S.C. §§ 1064(3) and 1119.

**(c) The legal issues to be tried are as follows:**

(1) Whether Defendants' alleged use of the "Teddy's Market" name, teddy

bear logo, and related brand elements constitutes federal trademark infringement under 15 U.S.C. § 1114;

(2) Whether Defendants' alleged use of the "Teddy's Market" brand constitutes federal trademark infringement and unfair competition under 15 U.S.C. § 1125(a);

(3) Whether Defendants' alleged conduct constitutes trademark infringement under Georgia common law;

(4) Whether Defendants' alleged conduct constitutes unfair competition under Georgia common law;

(5) Whether Defendants are liable for unjust enrichment under Georgia law;

(6) Whether Defendants' alleged conduct constitutes a violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 to 10-1-375;

(7) Whether there is a likelihood of consumer confusion between Plaintiff's use of its alleged marks as used in commerce and Teddy's Market stores;

(8) Whether Plaintiff's federal trademark registrations for the Buc-ee's Marks are valid and enforceable, or whether they are invalid and unenforceable, having allegedly been procured by fraud on the USPTO, and should be cancelled pursuant to 15 U.S.C. §§ 1064(3) and 1119;

(9) Whether Plaintiff's claims are barred, in whole or in part, by the affirmative defenses asserted in Defendants' Answer, including unclean hands, failure to mark, and lack of distinctiveness;

(10) Whether the alleged Property-Owning Entity defendants (149 Prominence LLC; 3010 TM LLC; and 3843 Glenwood RE, LLC) are liable as alleged contributory infringers;

(11) Whether Defendants Ahuja and Kapoor are personally liable as the

alleged moving, active, conscious forces behind the alleged infringement;

(12) The appropriate measure of damages, if any, and whether either party is entitled to injunctive relief, cancellation of registrations, and/or attorney's fees and costs.

**(d) The cases listed below (include both style and action number) are:**

(1) Pending Related Cases: Plaintiff filed oppositions before the United States Patent and Trademark Office ("USPTO") to three of Defendants' pending trademark applications (Serial Nos. 98571297, 98571418, and 98571460). Those proceedings are currently pending and have been consolidated as *Buc-ee's, Ltd. v. Teddy's Market, LLC*, Opposition No. 91300361. Plaintiff contends there are no other related pending cases.

Defendants contend the following cases are related at least because (a) they involve the alleged validity, enforceability, and infringement of the same Buc-ee's marks being asserted against other businesses with other alleged infringing marks consisting of cartoon animals and/or two-syllable names, (b) rulings in any of these other cases may impact this case, and (c) Defendants contend these other cases are part of an overall course of conduct on the part of Plaintiff that is relevant at least to Defendants' counterclaims: *Buc-ee's, Ltd. v. Hanes Road Carryout, Inc.*, 3:26-cv-00272 (S.D. Ohio); *Buc-ee's, Ltd. v. Owl & Anchor*, LLC, 2:15-CV-01873 (D. Ariz.); *Buc-ee's, Ltd. v. Prometheus Esoterica Inc.*, 6:25-cv-00944 (M.D. Fla.); and *Buc-ee's, Ltd. v. Coles IP Holdings, LLC*, 3:26-cv-00414 (N.D. Ohio).

In addition, Defendants also contend that some of the other opposition and/or cancellation proceedings Plaintiff has filed related to its trademarks before the USPTO are relevant: OPP-91308330 (TTAB); OPP-91308200 (TTAB); OPP-91307348 (TTAB); OPP-91307231 (TTAB); OPP-91307013 (TTAB); OPP-91303324 (TTAB); CAN-92089206 (TTAB); OPP-91300361 (TTAB); and OPP-91285010 (TTAB).

(2) Previously Adjudicated Related Cases: Plaintiff contends there are no previously adjudicated cases related to this one.

Defendants contend that the following previously adjudicated cases are relevant for the same reasons noted above: *Buc-ee's, Ltd. v. Bucks, Inc.*, 8:17-CV-00287 (D. Neb.); *Buc-ee's, Ltd. v. Born United LLC*, 2:25-cv-04537-DCN (D.S.C.); *Buc-ee's, Ltd. v. Super Fuels Lombardy, LLC*, 3:25-cv-00075 (N.D. Tex.); *Buc-ee's, Ltd. v. John Doe*, 3:25-cv-01343 (N.D. Tex.); *Buc-ee's, Ltd. v. Bucks, Inc.*, 4:17-cv-00818 (S.D. Tex.); *Buc-ee's, Ltd. v. John Doe*, 3:250cv000163 (S.D. Tex.); *Buc-ee's, Ltd. v. Panjwani*, 4:15-CV-03704 (S.D. Tex.); *Buc-ee's, Ltd. v. Bukys LLC*, 4:21-cv-3455 (S.D. Tex.); *Buc-ee's, Ltd. v. McEntire*, 4:25-cv-02456 (S.D. Tex.); *Buc-ee's, Ltd. v. Par Hawaii, LLC*, 4:26-cv-01268 (S.D. Tex.); *Buc-ee's, Ltd. v. EJL Acquisitions, LLC*, 6:25-cv-03060 (W.D. Mo.); *Buc-ee's, Ltd. v. 2 Wiseman Enterprises, LLC*, 3:24-cv-05088 (W.D. Mo.); and *Buc-ee's, Ltd. v. Kingsley d/b/a Crab.Rangoons2*, 5:25-cv-00592 (W.D. Tex.).

In addition, Plaintiff has filed opposition and/or cancellation proceedings related to its trademarks before the USPTO in the following terminated proceedings: OPP-91283344 (TTAB); OPP-91233434 (TTAB); OPP-91297622 (TTAB); CAN-92064689 (TTAB); CAN-92067005 (TTAB); OPP-91306565 (TTAB); OPP-91305819 (TTAB); OPP-91303323 (TTAB); OPP-91303257 (TTAB); OPP-91301597 (TTAB); OPP-91296071 (TTAB); OPP-91296073 (TTAB); OPP-91293645 (TTAB); and OPP-91286734 (TTAB).

**2. This case is complex because it possesses one or more of the features listed below (please check):** None applicable.

__X__ (1) Unusually large number of parties.
__X__ (2) Unusually large number of claims or defenses.
_____ (3) Factual issues are exceptionally complex.
_____ (4) Greater than normal volume of evidence.

_____ (5) Extended discovery period is needed.
_____ (6) Problems locating or preserving evidence.
__X__ (7) Pending parallel investigations or action by government.
__X__ (8) Multiple use of experts.
_____ (9) Need for discovery outside United States boundaries.
_____ (10) Existence of highly technical issues and proof.
_____ (11) Unusually complex discovery of electronically stored information.

3. **Counsel: The following individually named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff: Jake Evans
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
T: (678) 553-2100
F: (678) 553-2212
Jake.Evans@gtlaw.com

Defendant: Daniel A. Kent
Kent & Risley LLC
5755 N Point Pkwy, Suite 57
Alpharetta, GA 30022
T: (404) 585-4214
F: (404) 829-2412
dankent@kentrisley.com

4. **Jurisdiction:** U.S. District Court, Northern District of Georgia

Is there any question regarding this Court's jurisdiction?

___ Yes _X_ No

If "yes", please attach a statement, not to exceed one (1) page, explaining the

jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority

**5. Parties to This Action:**

(a) **The following persons are necessary parties who have not been joined:** None.

(b) **The following persons are improperly joined as parties:** Defendants contend that the individually named defendants and the property-owning defendants are improperly joined as parties in this case. In addition, Defendants contend that Defendant 3843 Glenwood RE does not own or lease the land on which the planned Decatur, Georgia, “Teddy’s Market” will sit, and has no involvement in any Teddy’s Market stores whatsoever.

(c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** None.

(d) **The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party’s name.**

**6. Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

(a) **List separately any amendments to the pleadings that the parties anticipate will be necessary:** None known at this time.

(b) **Amendments to the pleadings submitted LATER THAN THIRTY**

**DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)** ***Motions to Compel*****: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)** ***Summary Judgment Motions*****: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)** ***Other Limited Motions*****: refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)** ***Motions Objecting to Expert Testimony*****: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8. Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

No objections. The parties agree to exchange initial disclosures by September

14, 2026 or as otherwise ordered by the Court.

**9. Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time

**10. Discovery Period:**

**The discovery period commences 30 days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F of the Local Rules. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed.**

(1) The creation, development, and adoption of the Teddy's Market name, logos, and brand identity, including relevant communications and documents relating thereto;

(2) Defendants' knowledge, if any, of the Buc-ee's Marks prior to and during the creation and adoption of the Teddy's Market brand;

(3) The nature, scope, and channels of trade of both parties' convenience store operations, including store size, location, advertising, consumer base, and services offered;

(4) Plaintiff's use and promotion of the Buc-ee's Marks, including the geographic scope and extent of advertising, and consumer recognition;

(5) Any evidence of actual consumer confusion between the parties' marks, and/or the lack thereof;

(6) Consumer survey evidence regarding any likelihood of confusion and the alleged strength of the Buc-ee's Marks;

(7) Defendants' financial records, revenues, and profits attributable to the Teddy's Market locations;

(8) Plaintiff's damages, including any lost profits and other harm allegedly caused by Defendants' conduct, including Plaintiff's financial records, revenues, and alleged lost profits attributable to Defendants' alleged conduct;

(9) The ownership structure, management, and operations of each of the nine Defendant entities and individuals, including the relationships among the Operating Entities, Property-Owning Entities, Teddy's Market LLC, and the individual defendants;

(10) The contributory infringement claims against the Property-Owning Entity defendants, including the nature of the leasing arrangements and each entity's knowledge of the alleged infringement;

(11) All matters relevant to the parties' respective claims for injunctive relief, damages, attorney's fees, and cancellation of Plaintiff's trademark registrations.

(12) Whether there is any likelihood of confusion between Plaintiff's alleged registered marks and any conduct of any Defendant.

(13) Whether there is any likelihood of confusion between Plaintiff's alleged unregistered marks and/or trade dress and any conduct by any Defendant.

(14) Whether there is any unfair competition on the part of any Defendant.

(15) The elements of Plaintiff's alleged trade dress, to the extent asserted.

(16) Whether there is any protectible trade dress arising from Plaintiff's business operations.

(17) Whether there is any infringement or unfair competition related to Plaintiff's alleged trade dress.

(18) Whether Plaintiff had unclean hands and or engaged in abusive litigation tactics, including by filing numerous similar lawsuits against other small businesses throughout the country, which cases Defendants contend are relevant to Plaintiff's state of mind and fraudulent intent to expand the scope Plaintiff's alleged marks far beyond the rights established in the marketplace or as a result of Plaintiff's federal trademark registrations, and whether any of Plaintiff's alleged rights in this action are unenforceable as a result.

(19) Plaintiff's prior knowledge of cartoon animal logos and mascots at the times Plaintiff sought federal trademark protection for its alleged marks.

(20) Whether Plaintiffs perpetrated fraud on the United States Patent & Trademark Office.

(21) Plaintiff's acquisition of third party trademark registrations.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Due to the number of parties and issues, the parties propose the attached specific case schedule be entered in this case, which anticipates a 7 month discovery schedule, including experts.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery**

**imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

_X_ Yes ___ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have begun discussions regarding the sources and scope of ESI production and anticipate reaching agreement on the following limitations, which will be addressed in the proposed consent protective order or a separate ESI protocol stipulation:

- Custodians: The parties will identify key custodians and negotiate an agreed list;

- Date limitations: The parties anticipate applying date limitations relevant to the claims and defenses, but note that Defendants contend their counterclaims will require discovery reaching back to the time before Plaintiff filed its trademark applications and any earlier dates of use in commerce;

- Search terms: The parties will negotiate agreed search terms to be applied to ESI from agreed custodians;

- Sources: The parties will identify and discuss whether any sources are not reasonably accessible due to undue burden or cost.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties anticipate agreement on production in text-searchable PDF format, with native format production for spreadsheets, audio, video, and other file types not reasonably producible in text searchable PDF format. The parties will address the inclusion or exclusion of metadata in the ESI protocol stipulation.

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to move the Court to enter a consent protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure and use of confidential, proprietary, and sensitive business information exchanged during discovery, including but not limited to financial records, trade secrets, and competitively sensitive business information of both parties.

The parties agree that discovery requests, responses, and objections shall be served electronically via electronic mail, and that document productions shall also be made electronically, either by electronic mail (where the total file attachment size is less than 10 MB), or by other electronic means (such as cloud file transfer services or the like) with email notifications to all counsel of record.

**13. Privileged or Protected Material**

**Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?**

**__X__ Yes ____ No**

**If "yes,"**

**The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:**

The parties anticipate that privilege issues may arise with respect to communications between the parties and their respective counsel concerning this litigation and the underlying claims, defenses, and counterclaims asserted in it. The parties agree to include provisions in the proposed consent protective order addressing the procedure for asserting privilege claims after production pursuant to Federal Rule of Civil Procedure 26(b)(5)(A) and Federal Rule of Evidence 502, including a clawback provision to govern the inadvertent production of privileged or protected materials.

**14. Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>August 28, 2026</u>, and that they participated in settlement discussions. Other**

**persons who participated in the settlement discussions are listed according to party.**

For Plaintiff: Lead counsel (signature): /s/ *Jake Evans*

For Defendants: Lead counsel (signature): /s/ *Daniel A. Kent*

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(___) A possibility of settlement before discovery.**
**(_X_) A possibility of settlement after discovery.**
**(____) A possibility of settlement, but a conference with the judge is needed.**
**(____) No possibility of settlement.**

**(c) Counsel (__X__) do or (_____) do not intend to hold additional conferences among themselves prior to the close of discovery.**

**(d) The following specific problems have created a hindrance to settlement of this case:**

The parties hold fundamentally opposing views as to both liability and the scope of permissible trademark rights. These divergent positions may make early resolution difficult.

**15. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by

a United States Magistrate Judge form has been submitted to the clerk of court this _________ day, ________________, of 2016.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

Dated: September 3, 2026

Respectfully submitted,

**GREENBERG TRAURIG LLP**

*/s/ Jake Evans*
Jake Evans
Georgia Bar No. 797018
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
T: (678) 553-2100
F: (678) 553-2212
Jake.Evans@gtlaw.com

*Attorneys for Plaintiff*

**KENT & RISLEY LLC**

/s/ *Daniel A. Kent*
Daniel A. Kent
Georgia Bar No. 415110
dankent@kentrisley.com
Tel: (404) 585-4214
Fax: (404) 829-2412
Olivia E. Marbutt
Georgia Bar No. 141255
oliviamarbutt@kentrisley.com
Tel: (404) 855-3865
Fax: (770) 538-1715

*Attorneys for Defendants*

**PROPOSED CASE SCHEDULE**

| Date | PLEADING / EVENT |
|---|---|
| 2026-08-31 | Commencement of Discovery |
| 2026-09-04 | Plaintiff's Reply to Counterclaims |
| 2026-09-04 | Certificate of Interested Persons and Corporate Disclosure Statement |
| 2026-09-14 | Initial Disclosures (Plaintiff and Defendants) |
| 2027-02-05 | Expert Reports Due (party with burden of proof) |
| 2027-03-05 | Responsive/Rebuttal Expert Reports Due |
| 2027-03-31 | Close of Fact Discovery |
| 2027-04-15 | Conference After Discovery between lead counsel and party representatives with settlement authority |
| 2027-04-22 | Summary Judgment Motions Due |
| 2027-04-30 | Consolidated Pretrial Order<br>(if no summary judgment motions filed) |
| 2027-04-30 | Daubert Motion to exclude expert testimony<br>(if no summary judgment motions filed) |
| TBD | Requests to Charge |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BUC-EE'S, LTD.,

*Plaintiff*,

v.

TEDDY'S MARKET, LLC; 149 TM, LLC; 149 PROMINENCE, LLC; 3010 TM, LLC; BALLGROUND TM, LLC; 3843 TM, LLC; 3843 GLENWOOD RE, LLC; KARAN AHUJA; and MICKEY KAPOOR,

*Defendants*.

CIVIL ACTION NO.
1:26-cv-2478-VMC

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

| Date | PLEADING / EVENT |
|---|---|
| 2026-08-31 | Commencement of Discovery |
| 2026-09-04 | Plaintiff's Reply to Counterclaims |
| 2026-09-04 | Certificate of Interested Persons and Corporate Disclosure Statement |
| 2026-09-14 | Initial Disclosures (Plaintiffs and Defendant) |
| 2027-02-05 | Expert Reports Due (party with burden of proof) |
| 2027-03-05 | Responsive/Rebuttal Expert Reports Due |
| 2027-03-31 | Close of Fact Discovery |
| 2027-04-15 | Conference After Discovery between lead counsel and party representatives with settlement authority |
| 2027-04-22 | Summary Judgment Motions Due |
| 2027-04-30 | Consolidated Pretrial Order<br>(if no summary judgment motions filed) |
| 2027-04-30 | Daubert Motion to exclude expert testimony<br>(if no summary judgment motions filed) |
| TBD | Requests to Charge |

IT IS SO ORDERED, this ___ day of ____________, 2026.

______________________________
Honorable Victoria M. Calvert
United States District Judge